UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CLIFFORD FRANK FLETT,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>BENTON COUNTY CORRECTIONAL CENTER and EMPLOYEES OF BENTON COUNTY,<br><br>　　　　　　　　　Defendants. | NO.  CV-11-5148-LRS<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

　　　By Order filed January 19, 2012, the court determined Plaintiff's broad allegations of "torture chambers" and "death squads" at the Benton County Corrections Center were legally frivolous, *see Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992) (defining a frivolous complaint as one in which the facts alleged are "clearly baseless," that is, "fanciful," "fantastic," or "delusional") (internal citation omitted), and dismissed the First Amended Complaint under 28 U.S.C. § 1915A(b)(1) and 1915(e)(2).

　　　On January 24, 2012, Plaintiff submitted copies of portions of previous Orders in this action to which he has added handwritten notes.  Because Plaintiff is proceeding *pro se*, the Court liberally construed this document as a Motion for Reconsideration.  It was heard on the date signed below.

　　　Motions for reconsideration serve a limited function. "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability

ORDER DENYING MOTION FOR RECONSIDERATION -- 1

of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989). Such motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling. *Fay Corp. v. Bat Holdings I, Inc.*, 651 F.Supp. 307, 309 (W.D. Wash. 1987).

In the instant case, Plaintiff has not alleged that there has been an intervening change of controlling law. Likewise, he has not offered newly discovered evidence that would justify this court taking a second look at the issue in question. Thus, the only remaining question is whether the Court should alter its prior ruling in order to "correct a clear error or prevent manifest injustice." *Pyramid Lake*, 882 F.2d at 369 n.5.

The Court has already explained Plaintiff's fanciful allegations are legally frivolous and do not entitle him to relief. Once again, Plaintiff has no authority to assert claims on behalf of other persons and his claims that other persons have been abused are not cognizable here. His conclusory allegations of "eminent danger" are unsupported by any plausible factual assertions. Accordingly, **IT IS ORDERED** Plaintiff's Motion for Reconsideration, ECF NO. 24, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive shall enter this Order, forward a copy to Plaintiff and close the file. The Court again certifies any appeal of this decision would not be taken in good faith.

**DATED** this   3rd   day of February, 2012.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION -- 2